EDITH S. RANDOLPH *vs.* BAR HARBOR WATER COMPANY.

Hancock.     Opinion January 10, 1895.

*Contract.   Action.   Parties.   Consideration.*

The general rule is, and always has been, that a plaintiff, in an action on a simple contract, must be the person from whom the consideration for the contract actually moved, and that a stranger to the consideration cannot sue on the contract.

An action cannot be maintained in the name of the tenant to recover money paid under protest for water rates past due at the beginning of the tenancy, claimed to be illegally extorted by a water company, it appearing that the money so paid was the landlord's and not the tenant's.

ON REPORT.

Declaration : In a plea of the case for the defendant is a public corporation chartered by the legislature of Maine and organized under its said act of incorporation for the purpose of conveying to and supplying the village of Bar Harbor, in the town of Eden, Hancock County, Maine, with pure and wholesome water, and for that purpose is vested with and has exercised the right of eminent domain.

And the plaintiff during the year 1892 and on and after August 30th in said year was the tenant and occupant of a house known as Buena Vista, situated on Eden street, in said Bar

Harbor, on the line of the defendant's water main, which said house was then and there connected with said main; that said defendant corporation was then and there bound and obliged by law to supply all residents of said Bar Harbor with water for domestic purposes for a reasonable price and without discrimination: and particularly that said defendant was then and there bound and obliged by law to furnish the plaintiff with water to be used for domestic purposes in said house for a reasonable price and without discrimination; that a reasonable price to be charged for the water used for the year 1892 in the premises occupied by the plaintiff was thirty-seven dollars, and that said sum of thirty-seven dollars is and was then and there the regular water rate for said premises for one year as determined by the defendant's schedule of water rates; that on the 30th day of August, 1892, the defendant shut the water off from said house and disconnected it from their system; whereupon the plaintiff tendered and paid to said company the sum of thirty-seven dollars as aforesaid and demanded that said water be again turned on and the house again connected with said system, which the defendant refused to do until the further sum of one hundred twenty-nine dollars and seventy-four cents should be paid to them, being the amount of a debt claimed to be due to said Company from James Hinch, deceased, former owner of said house, and which debt the plaintiff was under no obligation to pay; whereupon the plaintiff paid said amount to the defendant, not voluntarily, but under protest, for the purpose of inducing the defendant to perform their said duty, to the great damage of the plaintiff, to wit., in the sum of three hundred dollars, whereupon the defendant became liable and in consideration thereof then and there promised the plaintiff to pay her said sum on demand.

The plea was the general issue.

And for brief statement the defendant says, that if any sums of money were received by the defendant as the plaintiff has alleged in her declaration, said money was not the money of the plaintiff but was the money of John T. Hinch.

*L. B. Deasy and J. T. Higgins,* for plaintiff.

Defendant refused to turn on the water until a further sum of $129.69 should be paid, being an old bill against the insolvent estate of James Hinch, former owner of the same house, whose heirs had rented the house to plaintiff. Thereupon the further sum of $129.69 was paid under protest, after which the water was again turned on. The money thus paid to the Bar Harbor Water Company was retained by them.

The present action was subsequently brought to recover the amount thus paid in excess of the regular water rate. The defendant corporation was under obligation to furnish water to residents of Bar Harbor for reasonable prices and without discrimination. Being vested with the right of eminent domain for the purpose of supplying the people of Bar Harbor with water, it is charged with the corresponding duty to so supply them. *Rockland Water Co.* v. *Adams*, 84 Maine, 474.

Whenever the aid of the government is granted to a private company in the form of a monopoly or donation of public property or funds, or a delegation of the power of eminent domain, the grant is subject to an implied condition that the company shall assume an obligation to fulfill the public purpose on account of which the grant was made. The same rule applies to companies invested with special privileges at the expense of the public for the purpose of supplying cities with water. Mor. Corp. § 1129.

"As the defendant could not carry on the business of supplying water without the franchise, the city must have intended in granting such franchise to charge it with the performance of the duty it undertook for the public by the terms of its incorporation, and the defendant in accepting the benefit of the grant must have assumed the performance of such duties.

"In a word, the acceptance of a franchise, under such conditions carries with it the corresponding duty of supplying the public with the commodity which the corporation was organized to supply to all persons without discrimination." *Haugen* v. *Albina Light and Water Co.* 21 Ore. 411. *Louisville Gas Co.* v. *Citizens Gas Light Co.* 115 U. S. 683; *N. O. Gas Light Co.* v. *Louisiana Light, &c. Co.* 115 U. S. 650; *Olmsted*

v. *Proprietors*, 47 N. J. L. 333 ; *Lowell* v. *Boston*, 111 Mass. 454, 464; *State* v. *Telephone Co.* 17 Neb. 126 ; *Commercial Union Telegraph Co.* v. *N. E. T. & T. Co.* 61 Vt. 241 ; *State* v. *Tel. Co.* 36 Ohio State, 296 ; *People* v. *R. R. Co.* 104 N. Y. 58 ; *Vincent* v. *R. R. Co.* 49 Ill. 33 ; *Trust Co.* v. *Henning*, 17 Am. Law Reg. (N. S.) 266.

It is equally well settled that where a corporation charged with a public duty makes an overcharge for the performance of such duty, such overcharge may be paid and recovered. Am. & Eng. Ency. of Law (Title, Duress) Vol. 6, page 77 ; *Swift Co.* v. *U. S.* 111 U. S. 343 ; *R. R. Co.* v. *Lockwood*, 17 Wall. 379.

*W. P. Foster and Joseph Wood*, for defendant.

The water having been shut off from the premises in consequence of the non-payment of $129.74 as soon as defendant thought it ought to be paid, and this having been thereupon paid by Hinch to have water again turned on, and having been paid voluntarily, in the legal sense of that term, to compromise a doubtful claim, cannot be recovered back. *Parker* v. *Lancaster*, 84 Maine, 512.

Legality of by-law or regulation of a corporation depends upon whether the by-law or regulation is a reasonable one. *Rockland Water Co.* v. *Adams*, 84 Maine, 472. Regulation a reasonable one. *Appeal of Brumm*, Am. Dig. (1888) p. 1379.

If this money was paid by Mrs. Randolph, it was a voluntary payment and the money cannot be recovered back. Demand upon a person for the payment of money though the demand is illegal, does not render the payment involuntary unless the person making the same can save himself and his property in no way. If other means are open to him by a day in court or otherwise, he must resort to such means. *De La Cuesta* v. *Ins. Co. of N. Y.* 136 Pa. 62 ; S. C. 9 L. R. An. 631 ; *Amesbury Co.* v. *Amesbury*, 17 Mass. 461 ; *Preston* v. *Boston*, 12 Pick. 14 ; *Harvey* v. *Girard Nat. Bank*, 119 Pa. 212 ; S. C. 11 Cent. Rep. 675 ; *Radich* v. *Hutchins*, 95 U. S. 210 ; *Rogers* v. *Greenbush*, 58 Maine, 390.

If the first tender of August 30th was made by Mrs. Randolph, and the defendant water company thereby became liable to furnish water to her, she was not without a speedy and complete remedy; mandamus lies to compel a water company to furnish water to one entitled thereto. *Haugen* v. *Albina Light & Water Co.* 21 Ore. 411; *People* v. *Green Island Water Co.* 56 Hun, 76; *Townsend* v. *Fulton Irrigating Ditch Co.* (Colo.) 29, p. 453. See also *Central Union Telephone Co.* v. *State*, 118 Ind. 194; S. C. 19 N. E. 604; *State* v. *Del. & Lackawana & C. R. R. Co.* 48 N. J. L. 55; S. C. 57 Am. Rep. 543; *Wells* v. *N. P. Ry. Co.* 23 Fed. Rep. 269; *R. R. Comm'rs* v. *P. & O. C. R. R. Co.* 63 Maine, 569.

Payment was not made under duress. Fact that it was paid under protest renders it none the less, in legal sense, a voluntary payment. *Emmons* v. *Scudder*, 115 Mass. 367; *Fleetwood* v. *City of N. Y.* 2 Sandf. 475; *Forbes* v. *Appleton*, 5 Cush. 115; *Benson* v. *Monroe*, 7 Cush. 125; *Cook* v. *City of Boston*, 9 Allen, 393; *People* v. *Wilmerding*, 62 Hun. 391; *Ashley* v. *Ryan*, 6 Ohio Cir. Ct. R. 208.

Defendant has no money in its treasury, by reason of this payment, which it may not in good conscience retain.

If the money was Hinch's and defendant took an illegal way to collect it, still the action for money had and received is not open to him. *Hayford* v. *Belfast*, 69 Maine, 63.

And if the money was Mrs. Randolph's and with it she has paid the just claim against another, payment having been made voluntarily she cannot recover the money so paid. *Schlaefer* v. *Heiberger*, 4 N. Y. S. 74.

If the defendant company is under any liability to Mrs. Randolph, it is for damages only sustained by her in consequence of shutting off the water, she having first proved that the shutting off was illegal.

SITTING: PETERS, C. J., WALTON, EMERY, HASKELL, WHITEHOUSE, WISWELL, JJ.

EMERY, J. The facts found by the court are these: James Hinch, who died in July, 1891, owned some cottages at Bar

Harbor.   After his death his son, John T. Hinch, had the care of these cottages.   In 1892 John T. Hinch leased for the season one of the cottages called "Buena Vista," to Mrs. Edith S. Randolph, the plaintiff.   By the terms of the lease Mrs. Randolph was to pay the water rates for that season.

The Bar Harbor Water Company, the defendant, had been for some years supplying water to the Hinch cottages.   Its charges for such water supply were made to the owner of the cottages. Prior to August 30, 1892, the company had some conferences with John T. Hinch about its water bills against the Hinch cottages for that and previous seasons, which bills the company claimed were unpaid.   The company finally made such corrections or reductions that the amount claimed to be due was left at $166.69, including the season of 1892.   Mr. Hinch was notified that unless this sum was paid, the water would be shut off from the Hinch cottages, or at least from the cottage "Buena Vista," occupied by the plaintiff.   The bill not being paid, the company on August 30th shut off the water from "Buena Vista.' Thereupon Mr. Hinch through his attorney tendered to the company, thirty-seven dollars as the amount due for the season of 1892, and demanded that the water be turned on.   The company made no question as to the amount for the season of 1892, but refused to turn on the water until the whole sum for that and previous seasons ($166.69) was paid.   Mr. Hinch then through the same attorney paid a further sum of $129.74, but under protest as not being rightfully due.   The company then turned on the water.

All the money thus paid to the company through the attorney was the money of Mr. Hinch.   The attorney, however, paid the money to the company in Mrs. Randolph's name, and made demand for the water in her name ; but Mrs. Randolph did not furnish the money, and does not seem to have been aware of the use of her name, or of what was being done.   Mr. Hinch asked the company's collector to collect the water bill of 1892 of Mrs. Randolph.   The collector did so, andturned Mrs. Randolph's check over to Hinch.

Mr. Hinch then instructed the same attorney to bring an action against the water company in the name of Mrs. Randolph to recover back the money so paid by him under protest, and this is that action.

It must be evident that this whole dispute and transaction were solely between Mr. Hinch and the water company. The money paid under protest and sought to be recovered back, as unlawfully extorted, was paid by Mr. Hinch out of his own funds. He employed the attorney and furnished the money. If any money should be refunded, it should be to him. If the water company is under any obligation to repay any part of the money its obligation is to Mr. Hinch whose money it was. He alone seems to have any grounds of complaints or any cause of action.

"The general rule is, and always has been, that a plaintiff, in an action on a simple contract, must be the person from whom the consideration for the contract actually moved, and that a stranger to the consideration cannot sue on the contract." *Mellen* v. *Whipple*, 1 Gray, 317, 321; *Bank* v. *Rice*, 107 Mass. 37. There may be some exceptions to this rule, as in the case of negotiable instruments, but this case is not within any established exceptions.

*Plaintiff nonsuit.*